MARTIN J. FOLEY (SBN 64083)
mfoley@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL
601 South Figueroa, Suite 2500
Los Angeles, CA 90017
Tel: 213.623.9300
Fax: 213.623.9924

BRIAN McGINLEY *pro hac vice*
bmcginley@sonnenschein.com
TERESA A. ASCENCIO (SBN 217053)
tascencio@sonnenschein.com
SONNENSCHEIN NATH & ROSENTHAL
4520 Main Street, Suite 1100
Kansas City, MO 64111
Tel: 816.460.2400
Fax: 816.531.7545

Attorneys for Defendants De Beers UK Limited; J.C. Penney Corporation, Inc.; Macy's Retail Holdings, Inc.; Zale Delaware, Inc.; Ben Bridge Jeweler, Inc.; Samuels Jewelers, Inc.; Fred Meyer Jewelers, Inc.; Rosy Blue Jewelry, Inc.; Stuckey Diamond, Inc. d/b/a The Stuckey Company; Universal Pacific Diamonds & Jewelry, LLC; JBDM Jewelry, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OROGEM CORP., a California corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DE BEERS UK LIMITED, a company incorporated under the laws of Wales and England; et al.<br><br>　　　　　Defendants. | Case No. CV09-9014 JFW (SHx)<br><br>Filed: December 8, 2009<br>Pre-trial Conf.: February 4, 2011<br>Trial: February 15, 2011<br><br>**PROTECTIVE ORDER RE CONFIDENTIALITY**<br><br>[Fed. R. Civ. Proc. 26(c)(1)] |

Stipulated Protective Order Re Confidentiality

21442419

1. Plaintiff Orogem Corporation and Defendants De Beers UK Limited; J.C. Penney Corporation, Inc.; Macy's Retail Holdings, Inc.; Zale Delaware, Inc.; Ben Bridge Jeweler, Inc.; Samuels Jewelers, Inc.; Fred Meyer Jewelers, Inc.; Rosy Blue Jewelry, Inc.; Stuckey Diamond, Inc. d/b/a The Stuckey Company; Universal Pacific Diamonds & Jewelry, LLC; JBDM Jewelry, LLC; Wal-Mart Stores, Inc.; Helzberg's Diamond Shops, Inc. (collectively the "Parties") by and through their respective attorneys of record have stipulated to and request entry of the following Stipulated Protective Order:

    1.    This case alleges copyright infringement.  The Parties may produce during discovery information which they in good faith believe constitutes or contains trade secrets or material non-public, competitively-sensitive, proprietary, confidential development, or confidential commercial information ("Confidential Information"), including financial documents such as sales, profit, cost, and advertising budget information concerning the accused Everlon Collection work and the alleged copyrighted Larkhead Pendant; distribution and advertising agreements concerning the accused Everlon Collection work; documents concerning the business relationship(s) among various Defendants directly concerning the accused Everlon Collection work; documents concerning the design of the accused Everlon Collection work; and documents concerning the design of the alleged copyrighted Larkhead Pendant. Moreover, the broad scope of discovery allowed under Federal Rule of Civil Procedure 26 may permit the Parties to obtain additional, confidential or proprietary information regarding Defendants' or Plaintiff's business practices.

    2.    After conferring pursuant to Federal Rule of Civil Procedure 26(c)(1), the Parties have determined that there is good cause to protect the Confidential Information that will be produced in this action from broad public disclosure and, in some instances from each other.  General dissemination and disclosure of the Confidential Information would harm one or more of the Parties' business interests and competitive advantage in the marketplace, particularly as many of the Parties to this

Stipulated Protective Order Re Confidentiality

21442419

1   action are competitors.  The Parties, therefore, desire that the Confidential Information
2   be protected from unnecessary dissemination.
3       3.      This Stipulated Protective Order applies to documents produced by a
4   party or third-party witness, responses to discovery, including interrogatories, requests
5   for admission and subpoenas, and deposition testimony and exhibits thereto.
6       4.      A party ("Designating Party") may designate Confidential Information to
7   be protected by this Stipulated Protective Order by:
8           a.      Stamping or inscribing on each page of the pertinent Confidential
9   Information the words CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES
10  ONLY.  A document or tangible thing inadvertently produced without a
11  CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY stamp may
12  later be designated as Confidential Information by a letter to all Parties announcing the
13  designation and, in the case of a document, providing a new copy of the document with
14  the CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY stamp
15  thereon.  If any person not entitled to see Confidential Information has access to such
16  information prior to the designation being corrected, counsel for the receiving party
17  shall, to the extent possible, retrieve from such person any physical items containing
18  such Confidential Information and shall inform such person that the Confidential
19  Information is not to be used by such person or disclosed further.
20          b.      So designating portions of a deposition or deposition exhibits either
21  during the deposition or by written notice to the court reporter and all counsel of record
22  within ten (10) business days after the reporter sends the transcript or written notice
23  that the transcript is available for review.  The court reporter shall be instructed to
24  separately bind the Confidential Information portion and to mark the caption page of
25  such portion CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.
26  Deposition transcripts and exhibits shall be treated as CONFIDENTIAL-
27  ATTORNEYS' EYES ONLY by all counsel for ten (10) business days from the time
28  the reporter sends the transcript or written notice that the transcript is available for

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1 review or until such time as all counsel agree that no subsequent designation(s) will be
2 made, whichever is shorter.

3     c.    Notifying all counsel in this case in writing of designation of any
4 Confidential Information produced by a third party as CONFIDENTIAL or
5 CONFIDENTIAL-ATTORNEYS' EYES ONLY within ten (10) business days from
6 the date the Designating Party receives any such information, provided the
7 Confidential Information is the Designating Party's Confidential Information.

8     5.    Information and materials designated CONFIDENTIAL or
9 CONFIDENTIAL-ATTORNEYS' EYES ONLY that a party receives subject to the
10 terms of this Stipulated Protective Order shall be used only for the purposes of
11 prosecuting or defending this action, including any appeals or proceedings arising from
12 this action. To that end, Confidential Information shall not be unnecessarily
13 duplicated, distributed, disseminated, or published, except as required for prosecution
14 and defense of this action. Further, all Parties shall take care to store and transfer
15 Confidential Information in such a manner so as to limit its dissemination and protect
16 it from disclosure except as allowed under this Stipulated Protective Order.

17     6.    Information and materials designated CONFIDENTIAL may only be
18 disclosed to:

19     a.    The parties in this case, including their officers, directors, members,
20 and partners;

21     b.    The above-captioned Court, Court clerks, court reporters, counsel
22 for the parties in this case, and paraprofessional, secretarial and support employees of
23 any of the above in this subsection (b);

24     c.    Independent consultants or experts retained by any party in this
25 action who are expected to testify at trial or employed by counsel to assist in
26 preparation for trial or for deposition and who are not directly employed by any party
27 or under contract with any party for any purpose other than this action, and who are not
28 competitors of any party or employed by a competitor of any party, provided that the

Stipulated Protective Order Re Confidentiality

21442419

1  consultant or expert agrees to be bound by this Stipulated Protective Order and signs
2  an acknowledgement of such in the form set forth in Exhibit A hereto;
3       d.    Any mediator or arbitrator mutually selected by the parties or
4  appointed by the Court for the purpose of assisting in the settlement of this action;
5       e.    Third party witnesses during the course of their depositions, if the
6  witness had access to the Confidential Information prior to entry of the Protective
7  Order, if the witness is an employee, consultant or expert of the designating party or
8  provided that (1) the witness agrees to be bound by this Stipulated Protective Order
9  and signs an acknowledgement of such in the form set forth in Exhibit A hereto; and
10  (2) the witness shall not be allowed to retain the Confidential Information or any
11  copies of the Confidential Information; and (3) if the witness is an employee of a
12  competitor of the Designating Party, counsel for the Designating Party, if present, shall
13  be informed that the witness will be shown Confidential Information before the
14  designated information is shown to the witness, to give counsel for the Designating
15  Party an opportunity to object;
16       f.    Such other persons as the parties may agree to in writing or on the
17  record, or who may be designated by the Court.
18      7.    Information and materials designated CONFIDENTIAL-ATTORNEYS'
19  EYES ONLY may only be disclosed to:
20       a.    The above-captioned Court, Court clerks, court reporters, counsel
21  for the parties in this case, and paraprofessional, secretarial and support employees of
22  any of the above in this subsection (a);
23       b.    Independent consultants or experts retained by any party in this
24  action who are expected to testify at trial or employed by counsel to assist in
25  preparation for trial or for deposition and who are not directly employed by any party
26  or under contract with any party for any purpose other than this action, and who are not
27  competitors of any party or employed by a competitor of any party, provided that the
28  consultant or expert agrees to be bound by this Stipulated Protective Order and signs

Stipulated Protective Order Re Confidentiality

21442419

1. an acknowledgement of such in the form set forth in Exhibit A hereto.  Any party desiring to show Confidential -Attorneys' Eyes Only information to an independent consultant or expert shall first provide the name of the consultant or expert to counsel for all other parties along with his/her Curriculum Vitae.  Counsel shall have seven (7) business days to object to such consultant or expert having access to  Confidential - Attorneys' Eyes Only information, clearly stating the grounds for the objection.  The objection shall be in writing and delivered via electronic mail.  If the objection can not be resolved and the first party still desires to show such consultant or expert Confidential -Attorneys' Eyes Only information, the objecting party shall bring an Ex Parte application within five (5) business days from receipt of the objection to prevent such consultant or expert from having access to Confidential Information;

    c.   Any mediator or arbitrator mutually selected by the parties or appointed by the Court for the purpose of assisting in the settlement of this action;

    d.   Third party witnesses during the course of their depositions, if the witness had access to the Confidential Information prior to entry of the Protective Order or provided that (1) the witness agrees to be bound by this Stipulated Protective Order and signs an acknowledgement of such in the form set forth in Exhibit A hereto; and (2) the witness shall not be allowed to retain the Confidential Information or any copies of the Confidential Information; and (3) counsel for the Designating Party shall be informed that the witness will be shown Confidential Information before the designated information is shown to the witness, to give counsel for the designating party an opportunity to object, and (4) if an objection to showing the witness is made, the designated information shall not be shown to the witness until the Court rules on the objection;

    e.   Such other persons as the parties may agree to in writing or on the record, or who may be designated by the Court.

8.  No person or entity to whom Confidential Information designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY is disclosed

Stipulated Protective Order Re Confidentiality

21442419

1  shall discuss the information or disclose it to any person or entity other than those
2  listed above, or use it for any purpose other than prosecution or defense of this action.
3      9.    Nothing herein affects the producing party's use of information it has
4  designated CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY.
5      10.    Any party seeking to file information or materials designated
6  CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY with the Court
7  shall file an Ex Parte application to file such materials under seal pursuant to Local
8  Rule 79-5.1.  Confidential Information will not lose its protection under this Stipulated
9  Protective Order by virtue of its being marked as an exhibit at a deposition, hearing, or
10 trial, or by otherwise being lodged or filed with the Court, regardless of whether such
11 action is undertaken in conformity with the terms of this Stipulated Protective Order.
12     11.    No party shall be bound by this Stipulated Protective Order as to any
13 information or materials:
14     a.    Which it lawfully possessed in a writing prior to production of it in
15 this action; or
16     b.    Which is generally known to the public, or becomes generally
17 known to the public without any breach of this Stipulated Protective Order.
18     12.    This Stipulated Protective Order is without prejudice to the right of any
19 party to apply to the Court for a determination, for good cause shown, that: (a)
20 information was improperly designated as Confidential or Confidential-Attorneys'
21 Eyes Only, (b) persons not provided for in this Stipulated Protective Order may or may
22 not receive Confidential Information, or (c) this Stipulated Protective Order be
23 modified in any manner or vacated.
24     A party intending to seek such relief  shall give written notice to the Designating
25 Party, in the case of paragraph 12(a) and 12(b), above and to all parties, in the case of
26 subdivision (c) above, of such intent and the grounds therefore.  Counsel for the parties
27 shall meet and confer within a reasonable time to see if the issue can be resolved
28 without court intervention.  In any motion or application brought under paragraph

Stipulated Protective Order Re Confidentiality

21442419

1  12(a) the Designating Party shall have the burden to show why the designation is
2  proper.  In any motion or application brought under paragraphs 12(b) and/or 12(c), the
3  moving party shall carry the burden to show why the relief sought is appropriate.  .
4       13.    This document may be executed in counterparts.
5       14.    Entering into, agreeing to or complying with the provisions of this
6  Stipulated Protective Order shall not operate as an admission by any party, entity or
7  person that any Confidential Information designated as such by another contains or
8  reflects trade secrets, proprietary or commercial information or other confidential or
9  private matter.
10      15.    This Stipulated Protective Order shall remain in effect after the conclusion
11 of this action and the Court shall retain jurisdiction to enforce its terms and to prevent
12 or punish violations of it.
13      16.    Within 90 days after final termination of this action (either by Court
14 Order, consensual dismissal, after final appellate review has been obtained, or after the
15 time for appeal has lapsed without the filing of an appeal by any of the parties), all
16 materials and copies containing information designated CONFIDENTIAL or
17 CONFIDENTIAL-ATTORNEYS' EYES ONLY shall be returned to the party
18 producing such information, together with any and all summaries, abstracts, notations
19 and compilations containing any Confidential Information.  In the alternative, within
20 90 days after final termination of this action, such materials and copies may be
21 shredded or disposed of in a manner to assure the destruction thereof and a declaration
22 certifying such destruction or disposal shall be provided to the party producing such
23 information.  Notwithstanding the above, one copy of the files in this action may be
24 retained by counsel of record for each party, subject to the terms of this Stipulated
25 Protective Order.
26 ///
27 ///
28 ///

Stipulated Protective Order Re Confidentiality

21442419

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

WHEREFORE, the Parties have stipulated and agreed to be bound by the terms of this Stipulated Protective Order, and to the entry of an order by the above-captioned Court ordering the Parties, and others who come within the terms of this Stipulated Protective Order, to comply with its terms.

**IT IS SO ORDERED.**

Dated: July 30, 2010

_____/s/_____
UNITED STATES MAGISTRTE JUDGE
STEPHEN J. HILLMAN

Stipulated Protective Order Re Confidentiality

21442419

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Stipulated Protective Order Re Confidentiality

21442419

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OROGEM CORP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>DE BEERS UK LIMITED, a company incorporated under the laws of Wales and England; et al.<br><br>Defendants. | Case No. CV09-9014 JFW (SHx)<br><br>Filed: December 8, 2009<br>Pre-trial Conf.: February 4, 2011<br>Trial: February 15, 2011<br><br>**CERTIFICATE OF AGREEMENT TO STIPULATED PROTECTIVE ORDER**<br><br>[Fed. R. Civ. Proc. 26(c)(1)] |

I, _________________________, hereby certify that I have been given a copy of the Stipulated Protective Order in this case. I agree to comply with the terms of the Stipulated Protective Order, including the following limitations upon the use and disclosure of the CONFIDENTIAL and CONFIDENTIAL-ATTORNEYS' EYES ONLY information or material which I am being provided thereunder:

1. That the information or material shall be used by me solely in connection with the proceedings in the above-entitled action and for no other purpose;

2. That I will not disclose or divulge any of the information or material or the content thereof to any person not permitted to have access to such information under this Stipulated Protective Order; and

3. That I will return the material which I have been provided, and all copies, extracts, abstracts, charts, notes and summaries thereof, immediately to the attorney who provided the material to me upon request.

///

///

///

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

1  I understand and recognize that violation of any of the provisions of this Certificate of Agreement may subject me to liability for violation of the Stipulated Protective Order and to the jurisdiction of the United States District Court for the Central District of California.

I declare under penalty of perjury that the foregoing is true and correct. Executed this ____ day of _____, 20__ at _____.

                                                                                                 _____
                                                                                                                    Signature

SONNENSCHEIN NATH & ROSENTHAL LLP
601 SOUTH FIGUEROA STREET, SUITE 2500
LOS ANGELES, CALIFORNIA 90017-5704
(213) 623-9300

Stipulated Protective Order Re Confidentiality

21442419